J-S43019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| KEVIN ALAN BUNDY | |
| Appellant | No. 1575 WDA 2016 |

Appeal from the PCRA Order Dated September 6, 2016
In the Court of Common Pleas of Clearfield County
Criminal Division at No(s): CP-17-CR-0000082-2013
CP-17-CR-0000085-2013
CP-17-CR-0000088-2013
CP-17-CR-0000089-2013
CP-17-CR-0000384-2012

BEFORE: STABILE, J., SOLANO, J., and FITZGERALD, J.[*]

MEMORANDUM BY SOLANO, J.:                **FILED SEPTEMBER 27, 2017**

Appellant Kevin Alan Bundy appeals *pro se* from the order denying his first petition for relief filed under the Post–Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546. We affirm.

At Docket Number CP-17-CR-0000384-2012, Appellant entered into a plea agreement on November 1, 2012, and pleaded guilty to two counts of theft by unlawful taking.[1] On the remaining docket numbers, Appellant entered into a plea agreement on March 14, 2013, and pleaded guilty to

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3921(a).

three counts of robbery[2] and several other charges stemming from retail thefts and robberies which took place in 2012 and 2013.[3]

On April 19, 2013, Appellant was sentenced on all of the above-listed docket numbers. In conformity with the terms of the agreements, Appellant was sentenced at Docket Number CP-17-CR-0000088-2013 to serve a period of five-to-fifteen years' incarceration for each of the two counts of robbery charged at that docket number, to be run concurrently. At Docket Number CP-17-CR-0000089-2013, Appellant was sentenced to serve five-to-fifteen years' incarceration for the one robbery count charged at that docket number; this latter sentence was set to run consecutively to his sentence at 88-2013, for an aggregate sentence of ten-to-thirty years' incarceration. Each of the three five-year-minimum sentences reflected the mandatory minimum sentence for Appellant's conviction of a violent offense (robbery) with the use of a firearm, pursuant to 42 Pa.C.S. § 9712.[4] Appellant received shorter concurrent sentences on all lesser counts.

_____

[2] 18 Pa.C.S. § 3701(a)(1)(ii).

[3] In addition to the robbery charges, Appellant pleaded guilty to one count of theft by unlawful taking (18 Pa.C.S. § 3921(a)), one count of conspiracy to commit theft by unlawful taking (18 Pa.C.S. § 903), two counts of retail theft (18 Pa.C.S. § 3929(a)(1)), two counts of criminal conspiracy to commit retail theft (18 Pa.C.S. § 903), three counts of criminal conspiracy to commit robbery (18 Pa.C.S. § 903), three counts of terroristic threats with intent to terrorize another (18 Pa.C.S. § 2706(a)(1)), one count of terroristic threats causing serious public inconvenience (18 Pa.C.S. § 2706(a)(3)), and six counts of simple assault (18 Pa.C.S. § 2701(a)(3)).

[4] Section 9712 states, in pertinent part:

*(Footnote Continued Next Page)*

Appellant filed a post-sentence motion referencing each of the five docket numbers, which was denied. Appellant did not file a direct appeal.

Appellant filed his timely PCRA petition *pro se* on April 16, 2014,[5] and filed an amended PCRA petition *pro se* on July 8, 2015.[6] In the amended petition, Appellant claimed, among other things,[7] that the mandatory

*(Footnote Continued)* —————

> [A]ny person who is convicted in any court of this Commonwealth of a crime of violence as defined in section 9714(g) (relating to sentences for second and subsequent offenses), shall, if the person visibly possessed a firearm or a replica of a firearm, whether or not the firearm or replica was loaded or functional, that placed the victim in reasonable fear of death or serious bodily injury, during the commission of the offense, be sentenced to a minimum sentence of at least five years of total confinement . . . .

42 Pa.C.S. § 9712(a). Section 9714(g) includes robbery under 18 Pa.C.S. § 3701(a)(1)(ii) as a "crime of violence." 42 Pa.C.S. § 9714(g).

[5] In May 2014, the PCRA court appointed counsel to represent Appellant. At Appellant's request, counsel filed a petition to withdraw. On September 12, 2014, the PCRA court held a hearing on the motion to withdraw, after which it granted the motion, permitted Appellant to proceed *pro se*, and granted Appellant leave to file an amended PCRA petition. A transcript of the hearing or a written colloquy memorializing the manner in which Appellant waived his right to counsel was not included in the certified record. No one contends that the PCRA court did not comply with the requirements of **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), and Pa.R.Crim.P. 121 when permitting Appellant to represent himself in this matter.

[6] In the interim, in December 2014, Appellant filed a motion for an extension of time in which to file an amended PCRA petition, and, in March 2015, filed a motion for recusal of the PCRA judge, who had also been the sentencing judge in Appellant's underlying cases. Neither motion appears to have been addressed by the PCRA court.

[7] Appellant has abandoned the other issues addressed in his amended PCRA petition. **See** Appellant's Brief at 9 (acknowledging abandonment of other PCRA issues on appeal).

- 3 -

minimum sentences he received were illegal under *Alleyne v. United States*, 133 S. Ct. 2151 (June 17, 2013),[8] and that his claim was viable under the PCRA, which provides protection against the imposition of unlawful sentences. *See* 42 Pa.C.S. § 9543(a)(2)(vii).[9] An evidentiary hearing on Appellant's petition was held on March 18, 2016, at which Appellant appeared *pro se*.[10] The PCRA court denied the petition by an order and opinion dated September 8, 2016, in which it explained that Appellant is not entitled to relief under *Alleyne* because *Alleyne* does not have retroactive application to claims for collateral relief that are presented in PCRA petitions.

Appellant filed a timely notice of appeal on September 26, 2016. He raises the following issue for our review: "Did the PCRA court err as a matter of law in ruling that Appellant could not invoke the Supreme Court's decision

---

[8] "*Alleyne* held that any fact that, by law, increases the penalty for a crime must be treated as an element of the offense, submitted to a jury, rather than a judge, and found beyond a reasonable doubt." *Commonwealth v. Washington*, 142 A.3d 810, 812 (Pa. 2016) (citation omitted). "The effect was to invalidate a range of Pennsylvania sentencing statutes predicating mandatory minimum penalties upon non-elemental facts and requiring such facts to be determined by a preponderance of the evidence at sentencing." *Id.*

[9] On July 23, 2015, the PCRA court again appointed counsel to represent Appellant. On January 31, 2016, Appellant filed a petition with the Supreme Court requesting that he be allowed to proceed *pro se* on his PCRA petition, a copy of which was sent to the PCRA court. On February 5, 2016, the PCRA court again granted Appellant leave to proceed *pro se* and thereafter granted appointed counsel's petition to withdraw.

[10] Appellant and his former trial counsel testified at the hearing. None of the testimony appears to be relevant to the legal issue presented on appeal.

in ***Alleyne v. United States***, 133 S. Ct. 2151 (2013) and related subsequent cases to claim his sentence is illegal?" Appellant's Brief at 4 (some capitalization omitted).[11] Our standard of review of a PCRA court's denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by" the record evidence and free of legal error. ***Commonwealth v. Wilson***, 824 A.2d 331, 333 (Pa. Super.) (*en banc*), ***appeal denied***, 839 A.2d 352 (Pa. 2003).

Appellant argues that the PCRA court erred because this Court's decision in ***Commonwealth v. Ciccone***, 2016 Pa.Super. 149, Pa. Super. LEXIS 377 (Pa. Super., July 12, 2016) (*en banc*), ***withdrawn by*** 2016 Pa. Super. LEXIS 447 (Pa. Super., Aug. 11, 2016) (order), ***& superseded by*** 152 A.3d 1004 (Pa. Super. 2016) (*en banc*), ***appeal denied***, No. 27 MAL 2017, 2017 WL 2424725 (Pa. June 5, 2017), allows for the correction of a sentence which has been rendered illegal by ***Alleyne*** upon the filing of a timely PCRA petition. Appellant's Brief at 12-14. He also argues that a sentence imposed without statutory authority is illegal, and that such a defect has no time bar and is non-waivable. ***Id.*** at 15-17 (citing ***Commonwealth v. Muhammed***, 992 A.2d 879, 903 (Pa. Super. 2010)). Relatedly, Appellant argues that the Department of Corrections has no

---

[11] Appellant's issue applies only to the docket numbers for which he received mandatory minimum sentences: 88-2013 and 89-2013. Although Appellant filed a notice of appeal for all five of the above-captioned docket numbers, he has not challenged on appeal the PCRA court's disposition of the issues he raised relating to the other three docket numbers and therefore is not entitled to relief with respect to them.

authority to detain him when the sentencing order is based upon an illegal statute. Appellant's Brief at 17-19. Appellant concludes that his sentences are legal nullities and *void ab initio*. ***Id.*** at 19-20.

In its order and opinion denying Appellant relief, the PCRA court explained that: "The Pennsylvania Superior Court in ***Commonwealth v. Miller***[, 102 A.3d 988 (Pa. Super. 2014)], and more recently in ***Commonwealth v. Riggle***[, 119 A.3d 1058 (Pa. Super. 2015)], found that, although ***Alleyne*** may be retroactive with regard to direct appeals, the U.S. Supreme Court did not expressly make it retroactive for post-conviction collateral relief claims." Trial Ct. Op., 9/8/16, at 10-11. The PCRA court therefore concluded that ***Alleyne*** cannot afford Appellant relief via his PCRA petition. ***Id.*** at 10-12.

We agree. In direct (that is, non-PCRA) appeals from the imposition of sentence, ***Alleyne*** applies "retroactively" to afford relief. ***See Commonwealth v. Barnes***, 151 A.3d 121, 126-27 (Pa. 2016) (***Alleyne*** challenge is not waivable on direct appeal). But ***Alleyne*** does not apply retroactively to PCRA claims seeking collateral relief unless the judgment of sentence was rendered or became final after ***Alleyne*** was decided and the petition seeking relief was timely filed. ***See, e.g.***, ***Commonwealth v. Rivera***, 154 A.3d 370, 379 (Pa. Super.) (*en banc*) (affirming grant of PCRA relief where ***Alleyne*** was decided prior to guilty plea or sentencing and PCRA petition was timely), ***appeal denied***, No. 70 MAL 2017, 2017 WL 3188983

(Pa. July 27, 2017).[12] With respect to judgments of sentence that, like that of Appellant, became final prior to issuance of the U.S. Supreme Court's decision in *Alleyne*, our Supreme Court established in *Washington* that *Alleyne* will not apply retroactively to cases seeking collateral review. *See Washington*, 142 A.3d at 819-20 (affirming the denial of PCRA relief where PCRA petition was timely but judgment of sentence became final prior to *Alleyne*).

Although *Alleyne* announced a new rule of law which implicates the legality of mandatory minimum sentences, "a new rule of law does not automatically render final, pre-existing sentences illegal. A finding of illegality, concerning such sentences, may be premised on such a rule only to the degree that the new rule applies retrospectively." *Washington*, 142 A.3d at 814. Applying applicable retroactivity rules, the Supreme Court held in *Washington* that the *Alleyne* decision does not apply to all closed past cases. *Id.* at 818-20 (considering retroactivity of *Alleyne* under both the United States Supreme Court's retroactivity test (*Teague v. Lane*, 489 U.S. 288 (1989)) and independent state grounds consistent with *Danforth v. Minnesota*, 552 U.S. 264 (2008)).

---

[12] *See also Commonwealth v. Patterson*, 143 A.3d 394, 398-99 (Pa. Super. 2016) (vacating order denying PCRA relief where *Alleyne* was decided between plea and sentencing, counsel failed to inform defendant of the possible effects of *Alleyne* upon his plea deal, and PCRA petition was timely); *Commonwealth v. Ruiz*, 131 A.3d 54, 59-61 (Pa. Super. 2015) (vacating the denial of PCRA relief on *Alleyne* claim when *Alleyne* was decided within the 30 days after the trial court imposed sentence, and PCRA petition was timely filed).

Following the Supreme Court's decision in **Washington**, this court *sua sponte* withdrew its initial opinion of **Commonwealth v. Ciccone** (the opinion on which Appellant relies) and issued a new opinion that follows the teaching of **Washington**. **Ciccone**, 152 A.3d 1004. The defendant in **Ciccone** pleaded guilty and was sentenced in 2011 to serve a mandatory minimum sentence that later was held to be unconstitutional. **Id.** at 1005. The defendant filed a timely PCRA petition which was still under review by the PCRA court at the time that **Alleyne** was decided. **Id.** at 1005-06. The PCRA court denied relief. **Id.** at 1006. In our revised opinion, we affirmed that denial, reasoning that, pursuant to **Washington**, **Alleyne** was inapplicable to the defendant's collateral attack on the legality of his sentence. **Id.** at 1007. We also rejected the position "that a mandatory sentencing statute rendered illegal by **Alleyne** is *void ab initio* thereby rendering any sentence imposed thereunder invalid." **Id.**

In light of these precedents, because Appellant's judgment of sentence became final on May 19, 2013, when Appellant lost the ability to appeal, **see Ruiz**, 131 A.3d at 59-61, and because **Alleyne** was not decided until nearly a month later, on June 17, 2013, the protections afforded by **Alleyne** are inapplicable to Appellant. **Washington**, 142 A.3d at 820; **Ciccone**, 152 A.3d at 1007. Therefore, because the PCRA court did not err, we affirm the order below. **Wilson**, 824 at 333.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  9/27/2017